UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
v.    )    No. 3:18-CR-62-KAC-DCP
    )
JASON DOUGLAS WILT,    )
    )
    Defendant.    )
    )

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Jason Wilt's Motion to Substitute Counsel [Doc. 79], filed by defense counsel on February 26, 2026, and referred to the undersigned on March 6, 2026 [Doc. 80]. *See* 28 U.S.C. § 636(b). On December 22, 2025, the Court appointed Assistant Federal Defender Nakeisha C. Jackson and the Federal Defender Services of Eastern Tennessee ("FDSET") to represent Defendant Wilt at his initial appearance on an Amended Petition for Warrant for Offender Under Supervision [Doc. 70] alleging violations of his conditions of supervised release. Defendant now seeks substitute counsel [Doc. 79 p. 1].

Attorney Jackson asserts that "the attorney-client relationship has deteriorated to the point that counsel cannot effectively work with the defendant to properly prepare the case for revocation proceedings" [*Id.*]. She contends that Defendant no longer trusts her legal advice and directed her to file a motion for new counsel [*Id.*]. Attorney Jackson believes that substitution of counsel would be in Defendant's best interest [*Id.*].

The parties appeared before the Court for a hearing on the motion on April 7, 2026. Assistant United States Attorney Miram Johnson appeared on behalf of the Government. Attorney

Jackson appeared on behalf of Defendant, who was present. CJA Panel Attorney Laura E. Davis was also present at the Court's request.

At the motion hearing, the Government confirmed that it had no position on the matter of the attorney-client relationship. The Court also conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that the responses from Attorney Jackson and Defendant to the Court's inquiries reasonably satisfy the Court that sufficient grounds exist to substitute counsel based on a strained relationship, which has compromised defense counsel's ability to defend Defendant and render effective assistance of counsel. Good cause therefore exists for substitution of counsel.

Defendant's motion [**Doc. 79**] for substitution of counsel is **GRANTED**, and Attorney Jackson and FDSET are **RELIEVED** as counsel of record for Defendant. Attorney Laura E. Davis agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES** and **APPOINTS** Attorney Davis under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court **DIRECTS** Attorney Jackson to provide the information from Defendant's file to Attorney Davis.

At the conclusion of the hearing, the undersigned addressed the revocation hearing which is currently set for April 8, 2026. Attorney Davis made an oral request to continue the revocation hearing to allow her to review the file, meet with Defendant, and prepare for the hearing. The parties agreed to reset the revocation hearing to May 20, 2026, at 1:00 p.m.

Accordingly, the Court **ORDERS**:

(1) Defendant's Motion to Substitute Counsel [**Doc. 79]** is **GRANTED**;

(2) Assistant Federal Defender Nakeisha C. Jackson and FDSET are **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide the Defendant's file to new counsel;

(3) Attorney Laura E. Davis is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant; and

(4) The revocation hearing before United States District Judge Katharine A. Crytzer is reset to May 20, 2026, at 1:00 p.m.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3